IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| TIMOTHY DEMPSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 7:16-cv-01609-VEH-JEO |
| | ) |
| STATE OF ALABAMA, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on November 21, 2016, recommending that this action, filed pursuant to 42 U.S.C. § 1983, be dismissed under 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. (Doc. 29). The plaintiff filed objections to the report and recommendation on December 5, 2016. (Doc. 31). He has also filed a motion to have the magistrate judge assigned this case recused. (Doc. 32). Having considered the plaintiff's objections, the court finds as follows:

The plaintiff's objections focus on whether the State of Alabama properly convicted the plaintiff. (Doc. 31). He asserts that the State should not have proceeded with its trial against him until the issues in his then pending habeas petition, filed in this court, were addressed. (*Id*., at 1). He seeks a copy of the Federal Wire Tap Order that the State of Alabama violated. (*Id*., at 3). He objects to the magistrate judge's failure to address false

evidence used in his state court trial, the false transcript, and false statements made by detectives. (*Id.*, at 3-4). He complains that the magistrate judge failed to address his claim that the Alabama Supreme Court denied him access and refused his extraordinary writ. (*Id.*, at 4). The plaintiff asserts that the magistrate judge erred in his report and recommendation because a prosecutor lied and a judicial officer is bound by law to testify honestly. (*Id.*, at 5). Moreover, the plaintiff claims this court's failure to report the judicial officers to the personnel board and state bar is misprision of a felony. (*Id.*). Finally, the plaintiff objects to the characterization of his complaint as wholly frivolous, pursuant to 28 U.S.C. § 1915A. (*Id.*).

The plaintiff's objections do not address the basis for the magistrate judge's finding that this action is due to be dismissed pursuant to 28 U.S.C. § 1915A. Specifically, the magistrate judge noted that the plaintiff failed to name a defendant who is subject to suit. (Doc. 29 at 7-8). The plaintiff sued only the State of Alabama and Jefferson County, Alabama. The State is wholly immune from suit under the Eleventh Amendment, *Alabama v. Pugh*, 438 U.S. 781, 782 (1978), and the plaintiff failed to allege any wrongdoing cognizable in a § 1983 action against Jefferson County, Alabama. *Monell v. Dep't of Soc. Serv. of New York*, 436 U.S. 658, 690-91 (1978).

Regardless of the wrongs the plaintiff believes the State of Alabama committed during his criminal prosecution, a § 1983 action may not serve as an appeal of a state court

2

action to address those wrongs. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). To the extent the plaintiff believes he was wrongfully imprisoned, he must appeal the finding of guilt against him through the court system of the State of Alabama, or bring a habeas action in federal court. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). What he may not do is use § 1983 to have this court review the propriety of the state court evidence or procedures. "[A]mong the federal courts, Congress authorized only the Supreme Court to reverse or modify a state court decision." *Helton v. Ramsay*, 566 F. App'x 876, 877 (11th Cir. 2014) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). To the extent that the plaintiff attempts to use a § 1983 action to have this court invalidate his state court convictions, this court lacks jurisdiction over his claims.

In *Heck v. Humphrey,* the Supreme Court held

> . . . in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that

>relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.*, 512 U.S. 477, 486-87 (1994).

"[A]llow[ing] the plaintiff to circumvent applicable state procedures and collaterally attack [his] convictions in federal court is the precise situation that *Heck* seeks to preclude." *Domotor v. Wennet*, 630 F. Supp. 2d 1368, 1379 (S.D. Fla. 2009). In short, the Court in *Heck* held that "a state prisoner may not maintain an action under 42 U.S.C. § 1983 if the direct or indirect effect of granting relief would be to invalidate the state sentence he is serving." *Harden v. Pataki*, 320 F.3d 1289, 1295 (11th Cir. 2003) (quoting *Spencer v. Kemna*, 523 U.S. 1, 21 (1998)).  Because the plaintiff's claims would plainly impugn the validity of his convictions, which have not been invalidated or otherwise set aside, all of his claims are barred under *Heck.  See also Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (stating that claims challenging the fact of conviction "fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983.").

Although the plaintiff believes his 2010 habeas petition was wrongfully held to be moot, this court may not review that decision either.  A § 1983 action is not a vehicle through which to obtain review of a decision in a habeas corpus action, nor may one judge in the United States District Court for the Northern District of Alabama review the decisions of another judge in this court.

While the plaintiff's arguments clearly reflect his belief that he has been wrongfully incarcerated, a § 1983 action is not the proper forum for redress of these grievances. The plaintiff's attempts to use this action to obtain additional review of his state court convictions beyond that provided in his direct appeal and habeas corpus proceedings is inappropriate. *See e.g., Pugh v. Smith*, 333 F. App'x 478, 480 (11th Cir. 2009) ("A plaintiff seeking relief based on the premise that he was the victim of an unconstitutional conspiracy to falsely convict him is merely attempting to overturn his conviction and is barred by *Heck* from proceeding.") (citations omitted).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby is **ADOPTED** and the recommendation is **ACCEPTED**. Accordingly, the plaintiff's amended complaint is due to be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. A Final Judgment Order will be entered.

**DONE** this the 14th day of December, 2016.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge